UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

Shaoping Huang, Jiani Jiang

              Petitioners-Plaintiffs

              CIVIL ACTION NO.: __1:22-cv-11417__

vs.

Xuanxuan Wei, Kelvin King Lun Wu, Law
Office of King L. Wu & Associates d/b/a King
Lun Wu Associates, P.C.

              Respondents-Defendants.
_____/

## COMPLAINT

Petitioner-Plaintiffs, Shaoping Huang ("Huang"), and Jiani Jiang ("Jiang") (hereinafter, collectively, "Plaintiffs") by and through their undersigned counsel, sue Respondents-Defendants, Xuanxuan Wei ("Wei"), Kelvin King Lun Wu ("Wu"), and the Law Office of King L. Wu & Associates d/b/a King Lun Wu Associates, P.C. ("King L. Wu Law Firm") (hereinafter, collectively, "Defendants").

## INTRODUCTION

1. This cause is brought to sue the Defendants on grounds of breach of contract, misrepresentation, violation of Massachusetts General Law Chapter 93A, legal malpractice, and unauthorized practice of law.

2. Plaintiffs seek $171,000 in compensatory damages to account for the fraudulent transaction ($170,000) and legal services ($1,000) they were charged with, along with

consequential damages, incidental damages, equitable relief, attorney's fees, court costs, and other costs deemed fair by the court.

3. From July 1 to July 12, 2022, Plaintiffs submitted a M.G.L. c. 93A demand letter to the Defendants.

4. The demand letter specified that Wei wrongfully practiced law within the Commonwealth, failed to provide written communication of the scope of her representation and the basis for which she charged Plaintiffs' expenses for a total fee above $500, and did not undergo necessary due diligence (i.e., gathering tax information, investigate pending litigation, etc.) when overseeing Plaintiffs' transaction.

5. Wei represented the Plaintiffs and their originally formed business UCANTSITHWITHUS LLC (the "Buyer") over the sale of assets of BB Beauty Salon (the "Business") previously owned by Xia Zhong (the "Seller").

6. The total purchase price of the Business was $100,000.

7. Plaintiffs also contributed $70,000 into a partnership with the Seller under Wei's representation.

8. Plaintiffs were charged $1,000 for the legal services of Wei, Wu, and King L. Wu Law Firm provided.

9. The Buyer is a Massachusetts Limited Liability Company, now owned by Plaintiffs and Xia Zhong, with a registered address at 3 Crown Drive, Unit 206, Quincy, MA 02169.

10. Wei provided services to the Plaintiffs by reviewing three documents: The Contract for the Purchase and Sale of a Business, Limited Liability Company Operating Agreement of UCANTSITWITUS LLC, and a Massachusetts General Bill of Sale.

11. Wei did not gather nor communicate necessary information surrounding the purchase of the Business.

12. Wei specifically did not collect any tax information from the Business or the Seller to determine if the Business was legitimate.

13. The purchase of the Business was formed in the state of Massachusetts.

14. The Seller and Business have pending litigation in the Federal District Courts, District of Massachusetts, Docket No.: 1:21-cv-11778-WYG.

15. That pending litigation concerns copyright infringement, breach of contract, dishonored checks, and appropriation.

16. Plaintiffs were unaware of the pending litigation at the time of the purchase and relied on Wei's due diligence investigation, as their prior attorney.

17. Wei did not properly evaluate the purchase of the business assets on behalf of the Plaintiffs, leading to a fraudulent transaction where the Plaintiffs lost $170,000.

18. Had Wei informed the Plaintiffs of the pending litigation, the Plaintiffs would not have performed the transaction.

19. Wei charged the Plaintiffs $1,000 to review the sale and the aforementioned three documents, but she did not provide them with a formal contract for her services.

20. As a result, Wei failed to meet Massachusetts standards for the contracts she provided.

21. Wei is registered to practice within the State of New York (Registration No.: 5413778) but is not licensed to practice within the Commonwealth of Massachusetts where the transaction occurred.

22. Wei is a lawyer practicing under Wu's supervision and control.

23. Wu, licensed to practice in New York (Registration No.: 5381348), did not stop Wei's provision of legal services for a Massachusetts contract.

24. King L. Wu's law firm did not stop Wei's provision of legal services for a Massachusetts contract.

25. Defendants did not send a formal response (i.e., mailed letter) nor a written tender of settlement in response to the 93A demand letter as required under M.G.L. c. 93A, sec. 9(3)-(4).

## PARTIES

26. Plaintiff Shaoping Huang is an individual residing in Quincy, MA 02169.

27. Plaintiff Jiani Jiang is an individual residing in Quincy, MA 02169.

28. Defendant Xuanxuan Wei is an individual with an address in Flushing, NY 11354.

29. Defendant Kevin King Lun Wu is an individual with an address in Flushing, NY 11354.

30. Defendant Law Office of King L. Wu & Associates d/b/a King Lun Wu Associates P.C. is a professional corporation with an address in Flushing, NY 11354.

## JURISDICTION

31. Statutory Jurisdiction: This Honorable Court has jurisdiction over this matter based on the diversity of citizenship. Under 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1)citizens of different States." Under 28 U.S.C. § 1332(c), a corporation shall be "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

32. This Court also has supplemental jurisdiction for state law claims. 28 U.S.C § 1367 specifies, "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

33. This Court may also have personal jurisdiction over the Defendants under Rule 4 of the Federal Rules of Civil Procedure. Rule 4(k)(1)(A) mentions serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Both Defendants are different citizens of another state (New York) from the Plaintiffs (Massachusetts), and the amount sought ($170,000+) is sufficient for the amount in controversy, making both Defendants subject to the jurisdiction of the District of Massachusetts.

**VENUE**

34. Venue lies in this District, the United States District Court for the District of Massachusetts, under 28 U.S. Code § 1391(b)(2), which specifies, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." A substantial part of the events giving rise to this claim occurred in Massachusetts, as the Business transaction was conducted in Massachusetts, and claims for unauthorized practice of law concern Massachusetts.

## FACTUAL ALLEGATIONS

35. Wei is registered to practice law within the State of New York (Registration No.: 5413778). **See Exhibit A.**

36. Wei is not licensed to practice law within the Commonwealth of Massachusetts.

37. Wei is an attorney of King L. Wu Law Firm

38. Wu is registered to practice law within the State of New York (Registration No.: 5381348). **See Exhibit B.**

39. Wu is a partner of King L. Wu Law Firm.

40. King L. Wu Law Firm is a professional corporation located in Flushing, NY 11354. **See Exhibit C.**

41. Wu and King L. Wu Law Firm both have supervisory responsibilities under Massachusetts Rules of Professional Conduct 5.1(a)-(b) to make reasonable efforts to ensure their lawyers conform to the Rules of Professional Conduct.

42. Wu and King L. Wu Law Firm shall be responsible for their lawyer's violation of the Massachusetts Rules of Professional Conduct 5.1(c) if they order or ratify the non-conforming conduct or knows of the conduct at a time when its consequences can be avoided or mitigated but fail to take reasonable remedial action.

43. Wu and King L. Wu Law Firm also has supervisory responsibilities under New York Rules of Professional Conduct 5.1(a)-(c) to make reasonable efforts to ensure their lawyers conform to the Rules of Professional Conduct, as well as ensure adequate supervision over the lawyers' work, including the likelihood that ethical problems might arise while working on a matter.

44. Wu and King L. Wu Law Firm shall be responsible for their lawyer's violation of the New York Rules of Professional Conduct 5.1(d) if they order or ratify the non-conforming conduct or knows or should have known of the conduct at a time when its consequences can be avoided or mitigated but fail to take reasonable remedial action.

45. Massachusetts and New York Rules of Professional Conduct 5.5(a) both specify that a lawyer may not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction.

46. Before January 27, 2022, Plaintiffs asked Wei legal questions on various occasions, specifically regarding the corporate governance of a business sale in Massachusetts.

47. On January 27, 2022, Plaintiffs informed that they were purchasing a salon business BB Beauty Salon, located in Massachusetts.

48. That day, the Plaintiffs and Wei discussed the basic legal procedures of a standard business transfer.

49. That day, Wei explained to Plaintiffs, that as buyers, they needed to run a UCC search on the business to be purchased, to examine the corporate documents (including shareholder book and tax records) of the seller.

50. That day, she told Plaintiffs the business transfer was contingent upon obtaining a new lease or lease assignment from the landlord in Massachusetts.

51. Between January 27 and February 3, 2022, Wei and the Plaintiffs exchanged several calls.

52. In that time frame, Wei went over the procedures of the standard business transfer.

53. In that time frame, she agreed to prepare a standard business transfer for the Plaintiffs.

54. In that time frame, the Plaintiffs sent Wei a message on WeChat to prepare the
agreement.

55. In that time frame, the Plaintiffs asked Wei to prepare the documents for execution as
soon as possible.

56. In that time frame, she also told the Plaintiffs the business transfer was contingent upon
obtaining a new lease assignment in Massachusetts.

57. In that time frame, Plaintiffs agreed and added the Seller, Xia Zhong (hereinafter the
"Seller"), to the WeChat group between Plaintiffs and Wei.

58. On February 3, 2022, Wei sent a WeChat message to BB Beauty Salon (hereinafter "the
Business") requesting a copy of the lease and its corporate documents (EIN number).

59. That day, Wei sent another WeChat message to the Business, while the Plaintiffs were
present, requesting the following documents: (1) the buyers doing a UCC search, (2) the
buyer needs to file bulk sale notice to the local tax division, (3) a copy of the lease, and
(4) the Seller's corporate documents, including the registration information, its EIN, and
information on its authorized representative.

60. That day, Wei suggested the Seller retain her counsel for purpose of the transaction.

61. That day, the Seller insisted she would enter this transaction in her individual capacity, so
she was not obligated to provide the requested documents.

62. That day, Wei paused her communication with the Business and contacted the landlord
for information.

63. That day, Wei made a phone call to the landlord's agent, but the agent did not provide
information due to the lease assignment not being approved yet.

64. That day, Wei went to the WeChat group and asked for BB Beauty Salon's Massachusetts tax returns and address.

65. That day, she searched for the Business on Google and other entity names containing "BB Beauty," as well as the street address, and other names in the Massachusetts corporate database.

66. She indicated she could not find any information, leaving Plaintiffs without any tax information from the Business or Seller to determine if the Business was legitimate.

67. That day, Wei told the Plaintiffs she was not able to proceed further but could prepare a template contract for them to use.

68. That day, she stated to the Plaintiffs that did not believe the Seller owned the Business in her individual capacity, nor that the business was encumbered by disputes between shareholders or other parties.

69. That day, Plaintiffs allegedly acknowledged and instructed Wei to prepare the contract with the Seller as the individual owner of the business.

70. Between February 3 and March 4, 2022, Wei prepared a Massachusetts business transfer agreement, an operating agreement (not within the scope of her work), and other supplemental documents, with each document containing an alleged protective clause. **See Exhibit D.**

71. In that time frame, Wei charged Plaintiffs $1,000 to review the business purchase agreement, operating agreement, and Massachusetts General Bill of Sale.

72. In that time frame, Wei did not provide Plaintiffs with a formal contract for her services, specifically written communication of the scope of her representation, as required under

Massachusetts Rule of Professional Conduct 1.5(b) and New York Rule of Professional

Conduct 1.5(b).

73. In that time frame, Wei also did not provide a reason or explanation for the Plaintiffs'

expenses being above $500, under Massachusetts Rule of Professional Conduct 1.5(b).

74. On March 4, 2022, Plaintiffs brought a Chinese-version business purchase agreement to

Wei's attention, including terms that they agreed upon with the Seller.

75. That same day, the Plaintiffs asked Wei to convert the Chinese agreement into an English

version.

76. That day, Wei reviewed the Chinese agreement and found Plaintiffs allegedly removed

the protective clauses she added, and despite persuading them to include the clauses, the

Plaintiffs did not agree.

77. Between March 4 and June 7, 2022, Wei provided revised documents to the Plaintiffs.

78. In that time frame, Wei did not disclose nor attempt to find out if the Seller and the

Business had impending lawsuits against them.

79. In that time frame, because of Wei's omissions, the Plaintiffs were led to believe the

Business was legitimate and that the transaction could be realized.

80. On June 7, 2022, Plaintiffs informed Wei that the Seller was involved in an intellectual

property infringement action.

81. That day, Wei suggested Plaintiffs retain their legal counsel because she could not

represent them in matters outside of New York.

82. Between July 1 and 12, 2022, Plaintiffs sent a 93A demand letter to Wei and King L. Wu

Law Firm explained that Wei was not authorized to practice within Massachusetts and

did not take the proper steps to evaluate the purchase of business assets on the Plaintiffs' behalf.

83. The 93A demand letter alleges the transaction was fraudulent, leading to the Plaintiffs losing $170,000.

84. The 93A demand letter also alleges that had the Plaintiffs been informed of the pending litigation against the Seller in the District of Massachusetts, they would not have realized the transaction.

85. As of the present, Wei and King L. Wu Law Firm has not sent out a formal response to the 93A demand, nor have they tendered a written, reasonable offer of settlement.

86. From January 27, 2022, to the present, Wu and King L. Wu Law Firm had direct managerial and supervisory authority over Wei.

87. From January 27, 2022, to the present, Wu and King L. Wu Law Firm had direct managerial and supervisory authority over Wei's provision of legal services to the Plaintiffs.

88. From January 27, 2022, to the present, Wu and King L. Wu Law Firm allowed Wei to provide legal services to the Plaintiffs on their behalf.

89. From January 27, 2022, to the present, Wu and King L. Wu Law Firm did not stop nor mitigate Wei's practice of Massachusetts law.

90. From January 27, 2022, to the present, Wu and King L. Wu Law Firm did not stop nor mitigate Wei's failure to abide by Massachusetts Rules of Professional Conduct 1.5 and 5.5, as well as New York Rules of Professional Conduct 1.5 and 5.5.

91. From January 27, 2022, to the present, Wu and King L. Wu Law Firm did not implement measures to ensure conformance with Massachusetts Rules of Professional Conduct 5.1, or New York Rules of Professional Conduct 1.5.

## CAUSES OF ACTION

### Count I – Breach of Contract against Xuanxuan Wei, Kelvin King Lun Wu, and King Lun Wu Associates, P.C.

92. Plaintiffs incorporate paragraphs 1 through 91 as fully stated in this Count.

93. To demonstrate a claim for breach of contract, the parties (1) must have entered a [valid] contract; (2) the plaintiff was ready, willing, and able to perform under that contract; (3) the defendant breached that contract; and (4) the plaintiff sustained damages because of that breach

94. Plaintiffs and Defendants entered a valid contract to have Wei provide legal advice on a business purchase agreement, including preparing and reviewing documents. Wu and King L. Wu Law Firm supervised Wei's legal advice, making them additionally responsible under Massachusetts Rules of Professional Conduct 5.1. Defendants breached the contract by not refraining from providing legal services for which they were not qualified to perform. Plaintiffs have sustained damages of over $170,000 due to being counseled to participate in a fraudulent transaction.

95. As a result, Plaintiffs have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

**Count II – Intentional Misrepresentation against Xuanxuan Wei, Kelvin King Lun Wu, and King Lun Wu Associates, P.C.**

96. Plaintiffs incorporate paragraphs 1 through 91 as if fully stated in this Count.

97. To make out a claim for intentional misrepresentation, Plaintiff must show that Defendant (1) made false representations of material facts, (2) with knowledge of their falsity, (3) for purposes of inducing the Plaintiffs to act thereon and that the (4) Plaintiff relied upon the representations as true and acted upon them to their detriment. Fraud or deceit "may be perpetrated by an implied as well as by an express representation."

98. The Defendants' provision of legal services to the Plaintiffs on several documents for the business purchase agreement made a false representation that Wei was qualified to conduct a Massachusetts contract. Wu and King L. Wu Law Firm was aware of this as they had supervisory responsibility over Wei but did not take remedial steps to prevent her from conducting the contract, making them additionally responsible under Massachusetts Rules of Professional Conduct 5.1. Defendants were aware of the falsity of Wei's qualifications because of her registration in New York. Defendants provided this for purposes of inducing Plaintiffs to compensate them for their services. Plaintiffs relied on these representations as true to their detriment, as they trusted Defendants gave the proper care and diligence to ensure the transaction was legitimate. The Defendants' provision of legal services, and their assertion that they did all they could to find information on the Seller and Business, also gave an implied misrepresentation that the transaction was not fraudulent.

99. As a result, Plaintiffs have suffered irreparable and/or other harm, money damages, and attorneys' fees, thereby entitling her to an injunction and other relief.

13

### Count III – Negligent Misrepresentation against Xuanxuan Wei, Kelvin King Lun Wu, and King Lun Wu Associates, P.C.

100.      Plaintiffs incorporate paragraphs 1 through 91 as if fully stated in this Count.

101.      Toer to recover for negligent misrepresentation, a Plaintiff must prove that Defendant (1) in the course of their business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and with (6) failure to exercise reasonable care or competence in obtaining or communicating the information.

102.      Defendants, during their conduct with Plaintiff, supplied false information in its contract. Defendants supplied false information, specifically that they were authorized to prepare a Massachusetts business purchase transaction agreement and that their search of the Business and the Seller was thorough. This resulted in pecuniary loss to the Plaintiffs, who justifiably relied on the Defendants' expertise and knowledge. Defendants failed to exercise reasonable care or competence in conveying this information because they were aware they could not create contracts in Massachusetts.

103.      As a result, the Plaintiffs have suffered and will suffer irreparable harm, thereby entitling them to injunctive and other relief.

### Count IV – M.G.L. Chapter 93A Violations: 940 CMR 3.00 Regulations against Xuanxuan Wei, Kelvin King Lun Wu, and King Lun Wu Associates, P.C.

104.      Plaintiffs incorporate paragraphs 1 through 91 as if fully stated in this Count.

105.      940 CMR 3.00 is promulgated under M.G.L. c. 93A, § 2(c) for purposes of determining whether conduct, terminology, or representations involve unfair methods of competition or unfair or deceptive acts or practices, in violation of M.G.L. c. 93A, § 2(a).

940 CMR 3.13 (1)(a), on Pricing and Refund, Return and Cancellation Privileges, states "it is an unfair and deceptive act or practice for any person subject to 940 CMR 3.13: (1) to fail to disclose to a buyer before any agreement the price or cost of any services to be provided."

106.     The Defendants did not disclose any written communication of the scope of Wei's representation, including the reason the Plaintiffs were charged $1,000 for reviewing the sale and the documents. Wu and King L. Wu Law Firm had a supervisory responsibility under Massachusetts Rules of Professional Conduct 5.1 to ensure Wei provided this scope of representation. Wei's failure simultaneously makes Wu and King L. Wu Law Firm is responsible.

107.     940 CMR 3.16(3) discloses that an act or practice is a violation of M.G.L. c. 93A, § 2 if "It fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection."

108.     The Massachusetts Supreme Judicial Court Rules, concerning Rules of Professional Conduct Rule 1.5(b)(1), specify that "the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client." RPC 1.5(b)(2) then specifies, "The requirement of a writing shall not apply to a single-session legal

consultation or where the lawyer reasonably expects the total fee to be charged to the client to be less than $500."

109.    The Defendants did not provide written communication of the scope of the representation for Plaintiffs, nor the basis or rate of the fee and expenses for which the Plaintiffs were responsible. Defendants did not communicate the basis or rate to Plaintiffs in writing before and within a reasonable time after commencing the representation. Any change in the basis or rate was likewise not communicated. Since the fee was $1,000, there needed to be a requirement of a writing. Because Defendants did not abide by Massachusetts Rules of Professional Conduct 1.5, they failed to comply with existing statutes, rules, regulations, or laws of the Commonwealth, meant for the public's welfare and protection.

110.    The Massachusetts Rules of Professional Conduct Rule 5.1(a) specifies, "A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct." 5.1(b) mentions, "A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." 5.1(c) concludes a lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if "(1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct

supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fail to take reasonable remedial action."

111.     Wu and King L. Wu Law Firm had the reasonable managerial authority to put rules in place to ensure their lawyers conformed to the Rules of Professional Conduct. They had direct supervisory responsibility to ensure their lawyers conformed to the preceding rules. They shall be responsible for Wei's violation (i.e., not licensed to practice in Massachusetts, no written scope of representation) of the Rules of Professional Conduct because they knew of the conduct at a time when its consequences could have been avoided, and they failed to take remedial steps. Because of Wu and King L. Wu Law Firm did not abide by Massachusetts Rules of Professional Conduct 5.1, they subsequently failed to comply with existing statutes, rules, regulations, or laws of the Commonwealth, meant for the public's welfare and protection.

112.     As a result, the Plaintiffs have suffered and will suffer irreparable harm, thereby entitling them to injunctive and other relief.

### Count V – Legal Malpractice against Xuanxuan Wei, Kelvin King Lun Wu, and King Lun Wu Associates, P.C.

113.     Plaintiffs incorporate paragraphs 1 through 91 as if fully stated in this Count.

114.     In legal malpractice, a lawyer (1) owed a duty of competent, skillful representation; (2) the lawyer failed to provide that level of representation; (3) the failure resulted in harm to the Plaintiff; and (4) the damage to Plaintiff resulted in a financial loss.

115.     Defendants owed a duty of competent, skillful representation in supervising and constructing a business purchase agreement between the Plaintiffs and the Seller. An

average lawyer in their profession would perform due diligence in reviewing the business records and any pending litigation to have a party aware of the consequences of a fraudulent contract. Wei was not licensed to practice in Massachusetts and conceded she could not find public information which would have alerted the Plaintiffs to cancel the transaction. Wu and King L. Wu Law Firm did not stop Wei from providing unqualified counsel as required under Massachusetts Rules of Professional Conduct 5.1. The failure of Defendants to provide qualified representation resulted in harm to the Plaintiffs, particularly a financial loss of $170,000.

116.     As a result, the Plaintiffs have suffered irreparable and other harm, thereby entitling them to injunctive and other relief.

### Count VI – Unauthorized Practice of Law against Xuanxuan Wei, Kelvin King Lun Wu, and King Lun Wu Associates, P.C.

117.     Plaintiffs incorporate paragraphs 1 through 91 as if fully stated in this Count.

118.     Massachusetts Supreme Judicial Court Rules, concerning Rules of Professional Conduct Rule 5.5, specify that "(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

119.     Wei was not authorized to create business purchase contracts in Massachusetts under Massachusetts Rules of Professional Conduct 5.5. Wu and King L. Wu Law Firm is also responsible under Massachusetts Rules of Professional Conduct 5.1. Defendants wrongfully did not provide written communication of the scope of the representation and basis for the Plaintiffs' expenses for a total fee being above $500, even though Massachusetts Rules of Professional Conduct 1.5 requires this. Defendants also were not

authorized to provide expertise as to the legitimacy of the contract due to their failure to exercise due diligence (i.e., tax search, investigating lawsuits) on the Plaintiffs' behalf.

120.     As a result, the Plaintiffs have suffered irreparable and other harm, thereby entitling them to injunctive and other relief.

## RELIEF REQUESTED

Wherefore, the Plaintiffs respectfully request that this Court:

a.   Order the Defendants to compensate the Plaintiff for compensatory damages of $171,000, for the business lost and the fees charged for Wei, Wu, and King L. Wu Law Firm's legal services;

b.   Order the Defendants to pay incidental and consequential damages;

c.   Order the Defendants to pay treble damages for failure to provide a reasonable settlement offer under M.G.L. Chapter 93A;

d.   Order the Defendants to pay for reasonable attorneys' fees and costs of suit;

e.   Grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted, this  2nd day of September 2022

/s/ Christopher P. Walsh
Christopher P. Walsh, Esq.
BBO #: 707843
Blumsack and Canzano, P.C.
867 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 857-990-9060
Email: contact@mybostonlawfirm.com