UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Shaoping Huang, Jiani Jiang, | ) | |
| | ) | Civil Action No.: 1:22-CV-11417-DJC |
| Petitioners – Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Xuanxuan Wei, Kelvin King Lun Wu, Law | ) | |
| Office of King L. Wu & Associates d/b/a | ) | |
| King Lun Wu Associates, P.C. | ) | |
| | ) | |
| Respondents – Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS KING "KELVIN" LUN WU AND THE LAW OFFICE OF KING L. WU & ASSOCIATES D/B/A KING LUN WU <u>ASSOCIATES, P.C.'S MOTION TO DISMISS THE COMPLAINT</u>**

Defendants King "Kelvin" Lun Wu ("Attorney Wu") and the Law Office of King L. Wu & Associates d/b/a King Lun Wu Associates, P.C. (the "Wu Firm" and collectively the "Wu Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint. The Court should dismiss the Complaint because it lacks personal jurisdiction over the Wu Defendants. Attorney Wu lives and works in New York and has never traveled to Massachusetts. The Wu Firm does not transact business in Massachusetts or represent clients in Massachusetts. Accordingly, the Wu Defendants respectfully request that this Court dismiss the Complaint against the Wu Defendants pursuant to Fed. R. Civ. P. 12(b)(2).

In the alternative, the Court should also dismiss the Complaint because Plaintiffs Shaoping Huang and Jiani Jiang (collectively, "Plaintiffs") have failed to state a claim upon which relief may be granted. Plaintiffs have not and cannot allege a factual basis for holding the Wu Defendants liable for defendant Xuanxuan Wei's ("Defendant Wei") alleged conduct. Therefore, the Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

1. **Jurisdictional Facts**

Attorney Wu is an attorney licensed to practice law in the state of New York.  (Affidavit of King Lun Wu, Esq. ("Wu Aff."), <u>Exhibit A</u>, ¶ 1).[1]  Attorney Wu started his own firm in January 2017, which has an address of 3808 Union Street, Suite 10F, Flushing, NY.  He is the Wu Firm's only partner.  (Wu Aff., ¶ 2).  Attorney Wu has never traveled to or visited Massachusetts and does not practice law in Massachusetts.  (Wu Aff., ¶ 3).  Neither Attorney Wu, nor the Wu Firm, has ever represented clients in Massachusetts.  (Wu Aff., ¶ 3).

Defendant Wei worked for the Wu Firm as an associate from approximately July 2018 until August 2020.  (Wu Aff., ¶4; Affidavit of Xuanxuan Wei ("Wei Aff."), <u>Exhibit B</u>, ¶ 3).  Since August 2020, Defendant Wei has worked as a sole practitioner.  (Wei Aff., ¶ 2).  Defendant Wei has performed some work on behalf of the Wu Firm on an ad hoc contract basis to assist with criminal cases.  (Wu Aff., ¶ 5; Wei Aff., ¶ 4).  She is not an employee of the Wu Firm and does not receive a salary or benefits from the Wu Firm.  (Wu Aff., ¶ 5; Wei Aff., ¶¶ 4–5).  The Wu Firm has no record of Plaintiffs.  (Wu Aff., ¶ 8).  Defendant Wei did not hold herself out as an employee or associate of the Wu Firm.  (Wei Aff., ¶ 6).

2. **Plaintiffs' Allegations Against Defendant Wei**

Plaintiffs are individuals residing in Quincy, Massachusetts.   (Compl., ¶¶ 26–27). Plaintiffs allege that Defendant Wei answered various legal questions for them, including "regarding the corporate governance of a business sale in Massachusetts."  (Compl., ¶ 46).  On

---

[1]  When a Complaint is challenged for lack of personal jurisdiction, the Court may look outside the Complaint to "whatever supplemental filings (such as affidavits) are contained in the record," and take into account "undisputed facts put forth by the defendant."  *Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 52 (1st Cir. 2020).

January 27, 2022, Plaintiffs informed Defendant Wei they were going to purchase the BB Beauty Salon (the "Salon") in Massachusetts. (Compl., ¶ 47).

Plaintiffs and Defendant Wei discussed "the basic legal procedures of a standard business transfer," including running a UCC search on the business and examining the corporate records. (Compl., ¶¶ 48–49, 52). Defendant Wei also told Plaintiffs the business transfer was contingent upon Plaintiffs obtaining a new lease or a lease assignment from the landlord in Massachusetts. (Compl., ¶ 50). Defendant Wei attempted to get documents from the Seller, conducted some limited research of the Salon, and drafted documents for the sale. (Compl., ¶¶ 58–70).

Defendant Wei, Plaintiffs, and, on certain occasions, the seller of the Salon (the "Seller"), all communicated via the "WeChat" texting application. (Compl., ¶ 57). Defendant Wei charged Plaintiffs $1,000 and did not send them a retention letter. (Compl., ¶¶ 71–72). Plaintiffs allege Defendant Wei failed to conduct due diligence of the Seller, and, because of that, "Plaintiffs were led to believe the [Salon] was legitimate and that the transaction could be realized." (Compl., ¶ 79). After Plaintiffs learned the Seller was involved in an intellectual property infringement action, Defendant Wei told Plaintiffs she could not represent them in matters outside of New York. (Compl., ¶ 81).

Plaintiffs do not specify why the transaction was not realized. Plaintiffs also fail to explain the basis for their claim for $170,000 in damages, except to say that they "were counseled to participate in a fraudulent transaction." (Compl., ¶ 94).

### 3.  Plaintiffs' Allegations Against the Wu Defendants

Plaintiffs do not and cannot assert any facts as to why the Wu Defendants are liable for Defendant Wei's conduct. Rather, Plaintiffs make the conclusory statement that the Wu Defendants "had direct managerial and supervisory authority" over Defendant Wei and her

3

"provision of legal services to the Plaintiffs."  (Compl., ¶¶ 86–87).  Plaintiffs further conclude –

without any factual support – that the Wu Defendants "allowed [Ms.] Wei to provide legal services

to the Plaintiffs on their behalf," "did not stop nor mitigate [Ms.] Wei's practice of law in

Massachusetts" or her "failure to abide by Massachusetts Rules of Professional Conduct 1.5 and

5.5, as well as New York Rules of Professional Conduct 1.5 and 5.5.," and "did not implement

measures to ensure compliance with Massachusetts Rules of Professional Conduct 5.1, or New

York Rules of Professional Conduct 1.5."  (Compl., ¶¶ 88–91).

## ARGUMENT

### A. The Wu Defendants Do Not Have Minimum Contacts with Massachusetts to Establish the General Personal Jurisdiction of this Court.

Plaintiffs bear the burden of proving that the court has personal jurisdiction over

defendants.  *See Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992).  In so doing,

plaintiffs may not rely on unsupported allegations in its pleadings but rather must put forward

evidence of "specific facts" to demonstrate that jurisdiction exists.  *Id.* at 675.  Under this standard,

the court takes plaintiffs' "properly documented evidentiary proffers as true and construe[s] them

in the light most favorable to [plaintiff's] jurisdictional claim." *A Corp. v. All Am. Plumbing, Inc.*,

812 F.3d 54, 58 (1st Cir. 2016) (citing *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)).

In evaluating whether the exercise of general personal jurisdiction is warranted, courts

concentrate on the "quality and quantity of contacts between the potential defendant and the

forum."  *See Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir.

1999) (citation omitted).  "The minimum contacts standard requires that a court asserting personal

jurisdiction determine that the nonresident defendant possesses sufficient contacts with the forum

state so that subjecting him, her, or it to the forum's jurisdiction does not offend 'traditional notions

of fair play and substantial justice.'"  *See United Elec., Radio and Mach. Workers of Am. v. 163*

4

*Pleasant St. Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Ordinarily, a plaintiff cannot create jurisdiction via a unilateral act, and in each case it is essential that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *See Hansen v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted). Moreover, courts typically focus on whether defendant's contacts with the forum state were continuous and systematic, *see generally Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952), and the standard for evaluating whether such contacts satisfy the constitutional, general jurisdiction test is "considerably more stringent" than that applied to specific jurisdiction questions.  *See Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984) (citations omitted).  In determining whether a defendant's activities are sufficiently "continuous and systematic," courts assess the following factors:

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

*See TomTom, Inc. v. Norman IP Holdings, LLC*, 890 F.Supp.2d 160, 167 (D. Mass. 2012) (citations omitted).

Here, Plaintiffs have alleged no facts to support personal jurisdiction against the Wu Defendants.  Attorney Wu is licensed only in New York and has, throughout his career, only represented New York clients in New York legal disputes.  (Wu Aff., ¶3).  The Wu Firm only represents New York clients in New York legal disputes.  (Wu Aff., ¶3).  Attorney Wu has never even traveled to Massachusetts.  (Wu Aff., ¶3).

Moreover, the undisputed evidence is that Defendant Wei was working as a sole practitioner when she allegedly provided advice to Plaintiffs, not as an employee or an associate of the Wu Defendants. (Wu Aff., ¶¶ 5–8; Wei Aff., ¶¶ 2–6). The Wu Defendants have no record of Plaintiffs. (Wu Aff., ¶ 8). Therefore, even if Defendant Wei provided advice to Plaintiffs in Massachusetts, the Wu Defendants could not have "reasonably anticipate[d] being hauled into court" into this jurisdiction. *See Roy v. FedEx Ground Package Sys., Inc.*, 353 F.Supp.3d 43, 54 (D. Mass. 2018) (citation omitted).

## B. Plaintiffs Also Cannot Establish this Court's Specific Personal Jurisdiction Over the Wu Defendants.

Plaintiffs seeking to establish that a court has specific personal jurisdiction over a defendant must show that: (1) their claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable. *See Scottsdale Cap. Advisors, Inc. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018). Failure to make any one of these showings "dooms any effort to establish specific personal jurisdiction." *Id.* Indeed, specific jurisdiction exists "where the cause of action arises directly out of, or relates to, the defendant's forum-based activities." *See Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994) (citation omitted), *cert. denied*, 514 U.S. 1108 (1995).

First, whether a claim directly rises out of or relates to a defendant's forum-state activities "focuses on the nexus between defendant's contacts and the plaintiff's cause of action." *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 621 (1st Cir. 2001); *see also Roy*, 353 F.Supp.3d at 54 ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident

defendant focuses on the relationship among the defendant, the forum, and the litigation.")
(internal quotations omitted). "[T]here can be no requisite nexus between the contacts and the
cause of action if no contacts exist." *Swiss Am. Bank, Ltd*., 274 F.3d at 621 (citing *Sawtelle v.
Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995)). Second, the "two key focal points of [purposeful
availment] are voluntariness and foreseeability." *See Adelson v. Hananel*, 510 F.3d 43, 50 (1st
Cir. 2007) (internal citation omitted). For voluntariness, the "contacts must be voluntary and not
based on the unilateral actions of another party." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471
U.S. 462, 475 (1985)). And, as to foreseeability, the defendant's contacts in the forum state must
give him notice that he could "reasonably anticipate being hailed into court there." *World-Wide
Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).

Here, Plaintiffs cannot establish specific personal jurisdiction over the Wu Defendants
because the Wu Defendants have not engaged in any activities within Massachusetts in connection
with Plaintiffs or otherwise. Nor have the Wu Defendants purposefully availed themselves of the
privileges or benefits of conducting business within Massachusetts. Plaintiffs' conclusory
assumptions that the Wu Defendants had supervisory control over Attorney Wei are not supported
by facts. Rather, the uncontroverted evidence is that Attorney Wei was acting as a sole practitioner
when she allegedly represented Plaintiffs, and she was not acting as an attorney or partner of the
Wu Defendants. (Wu Aff., ¶¶ 5–8; Wei Aff., ¶¶ 2–6). Therefore, there is no basis for personal
jurisdiction over the Wu Defendants.

## C. Plaintiffs' Complaint Also Fails to State a Claim Because it Fails to Allege Sufficient Facts to Support How the Wu Defendants Are Liable for Defendant Wei's Conduct.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "take all
factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." *See
Rodriguez-Ortiz v. Marao Caribe, Inc.*, 490 F.3d 92, 96 (1st Cir. 2007) (citation omitted).

7

Complaints require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).  A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." *See In re Citigroup, Inc.*, 535 F.3d 45, 52 (1st Cir. 2008) (quoting *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 4 (1st Cir. 2007)) (internal quotations omitted); *see also Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (stating some factual allegations are "so threadbare or speculative that they fail to cross the line between the conclusory and factual") (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*, 550 U.S. at 557)) (internal quotations omitted).

Here, Plaintiffs have swept the Wu Defendants into its allegations against Ms. Wei without sufficiently alleging any basis for imposing liability against Mr. Wu or the Wu Firm.  Plaintiffs' only allegation implicating the Wu Defendants is based on the assumptions, not any facts, that the Wu Defendants had supervisory and managerial responsibly over Defendant Wei.  Without factual support, Plaintiffs cannot state a claim for relief against the Wu Defendants, and they should accordingly be dismissed from this action.

## **CONCLUSION**

For the foregoing reasons, the Wu Defendants respectfully request that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Respectfully submitted,
King "Kelvin" Lun Wu, and
Law Office of King L. Wu & Associates
d/b/a King Lun Wu Associates, P.C.,

By their attorney,

Jessica G. Kelly, BBO # 666845
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, MA 02109
617-807-8953
jessica.kelly@fmglaw.com

Date: November 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, and paper copies will be sent to those indicated as non-registered participants as of the date below:

This 1st day of November 2022.

Jessica Gray Kelly