UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHAOPING HUANG, JIANI JIANG,

Plaintiffs,

v.

XUANXUAN WEI, KELVIN KING LUN WU, LAW OFFICE OF KING L. WU & ASSOCIATES d/b/a KING LUN WU ASSOCIATES, P.C.,

Defendants.

CIVIL ACTION NO. 1:22-cv-11417-DJC

**DEFENDANT'S MOTION FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 39(b), Defendant Xuanxuan Wei requests that the Court convert the September 3, 2024 bench trial to a jury trial as to any of Plaintiffs' then-surviving claims.[1]

Under Federal Rule of Civil Procedure 38(b), "a party may demand a jury trial by . . . serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." "A party waives a jury trial unless it demand is properly served and filed.". Fed. R. Civ. P. 38(d). That said, the right to a trial by jury is "constitutionally protected and casual waivers are not to be presumed." CoxCom, Inc. v. Chaffee, 536 F.3d 101, 110 (1st Cir. 2008). Pursuant to Rule 39(b), therefore, even if no jury demand has been timely filed, the district court has wide discretion to order a trial by jury on the motion of either party. Ramirez-Suarez v.

---

[1] As of the filing of this motion, Defendants' Motion for Summary Judgment (Doc. 70) remains pending and may be dispositive of some or all of Plaintiffs' claims. As of this date, the Plaintiffs' claims include breach of contract (Count I), intentional misrepresentation (Count II), negligent misrepresentation (Count III), M.G.L. c. 93A Violations (Count IV), legal malpractice (Count V), and unauthorized practice of law (Count VI).

1

Foot Locker Inc., 609 F. Supp. 2d 181, 184-85 (D.P.R. 2009).  Such a motion need not follow precise formalities but, instead, may be animated by any cognizable affirmation of one party's intent to avail himself of a jury trial.  Moores v. Greenberg, 834 F.2d 1105, 1108 (1st Cir. 1987) ("The language and history of [Rule 39] indicate that the [motion] requirement was inserted by draftsmen simply as a means of preventing the district court from ordering jury intervention sua sponte when the parties were unanimous in their preference for a bench trial.").

In determining whether to allow a Rule 39(b) motion, the district court should consider several factors, including whether 1) the issues in the case are appropriately tried to a jury, 2) imposing a trial by jury would prejudice the adverse party, 3) a change in the prospective form of trial would disrupt the schedules of a party or the court and 4) the extent of the tardiness of the movant in demanding a jury trial is justified.  MIT Fed. Credit Union v. Cordisco, 501 F. Supp. 3d 17, 20-21 (D. Mass. 2020); TG Plastics Trading CO., Inc. v. Toray Plastics (America), Inc., 775 F.3d 31, 36 (1st Cir. 2014) (quoting Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983)).

This Court has already acknowledged that the issues in this case (to the extent any survive) are more appropriately tried to a jury.  For that reason, this Court originally scheduled the trial as a jury trial (Doc. 61).  However, at an April 30, 2024 conference, in relation to a misbegotten argument that a standard of care expert might not be required in a bench trial, Plaintiffs' counsel orally requested a bench trial.  This Court converted the trial to a bench trial, acknowledging that depending on the outcome of Defendant's Motion for Summary Judgment, Defendant could file a Rule 39(b) motion for jury trial.  Where the Motion for Summary Judgment has not yet been decided, and trial is less than 30-days away, Defendant now demands a jury trial on any surviving claims.  The change will not have an adverse effect on Plaintiffs or disrupt the schedules of parties or the Court, particularly where this matter was previously scheduled as a jury trial.  Although

Defendant's motion comes near the time of trial, it is with good excuse where (1) Defendant was pro se at the time she answered the Complaint and omitted a jury demand, (2) the matter was scheduled as a jury trial until April 30, 2024, and (3) it was discussed at the April 30, 2024 conference that Defendant would await a decision on her Motion for Summary Judgment before incurring unnecessary cost of such a motion.

Accordingly, Defendant, Xuanxuan Wei, hereby asks that this Court convert the September 3, 2024 bench trial to a jury trial as to any then-surviving claims.

## LOCAL RULE 7.1(a)(2) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that she attempted to confer with the Plaintiffs via email on July 22 and 25, 2024 and did confer with the Plaintiffs via email on August 5 and 7, 2024, and attempted in good faith to resolve or narrow the issues presented by the instant motion. Despite these efforts, the Plaintiffs have not indicated their position on the demand for jury trial, and therefore the dispute could not be resolved by agreement.

Dated: 8/8/24

Respectfully submitted,
XUANXUAN WEI,
By her attorneys

*/s/ Susan M. Silva*
Susan M. Silva, Esq. (BBO #694176)
Katherine L. Kenney, Esq. (BBO #637204)
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
ssilva@peabodyarnold.com
kkenney@peabodyarnold.com

## CERTIFICATE OF SERVICE

      I, Susan M. Silva, hereby certify that I caused a true copy of the within document to be filed through the CM/ECF system and to be sent electronically to the registered participants identified on the NEF and by electronic mail to the following on August 8, 2024:

***Attorneys for Plaintiffs***

Duo Liu, Esq.
Christopher P. Walsh, Esq.
867 Boylston Street, 5th Floor
Boston, MA  02116
duo.nyattorney@gmail.com
christopher@mybostonlawfirm.com

Kegan Moody, Esq.
Blumsack and Canzano, P.C.
112 Water Street, 3rd Floor
Boston, MA  02109
kegan@mybostonlawfirm.com


                                                */s/ Susan M. Silva*
                                                Susan M. Silva

2742339